# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH K. HENDERSON, et al., | Case No. 1:20-cv-01188-DAD-SAB |
| Plaintiffs, | ORDER TRANSFERING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA |
| v. | |
| EXXON-MOBIL, et al., | |
| Defendants. | |

Plaintiff Kenneth K. Henderson, proceeding pro se, filed this action naming over thirty defendants, the majority of whom are located in the Central District of California. The complaint is over 100 pages with exhibits interspersed throughout. The allegations in the complaint recite incidents from 1904 through 2020. On review of the complaint, the majority of incidents alleged that occur within any limitations period took place in the Central District of California and the majority of the defend.[1]

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all

---

[1] The Court notes that although Plaintiff names the Tulare County Probate Court as a defendant, the claims arise from his mother's attempt to challenge an Oklahoma probate decision on mineral rights which has previously been brought in Orange County Superior Court and Virginia District Court and addressed by the Oklahoma Bureau of Indian Affairs. (Compl. at 17.) These claims are unrelated and improperly joined in the complaint. If Plaintiff wishes to pursue a claim against the Tulare County Probate Court, he must file a separate action alleging only that claim and those claims that would be properly joined under Rules 18 and 20 of the Federal Rules of Civil Procedure.

1

defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).  The Court has reviewed Plaintiff's complaint and finds that venue does not lie in this district as none of the venue requirements of section 1391 are met.  The incidents alleged in the complaint took place in Orange County which is part of the Central District of California.  Venue in this action appropriately lies within the Central District of California.

Pursuant to 28 U.S.C. § 1406(a), when a case has been filed in the wrong district, the "district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Additionally Local Rule 120(f), provides that a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court.  Therefore, this action will be transferred to the Central District of California.

Good cause appearing, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Central District of California.

IT IS SO ORDERED.

Dated:   **August 26, 2020**

UNITED STATES MAGISTRATE JUDGE

2